Mr. Justice Colcock
delivered the opinion of the court.
The jury were certainly authorized to allow interest on the value which they fixed on the land. But it is understood that the defendants counsel mean that having allowed a greater value (per acre,) than was given for the land, that therefore they had no right to give interest, and that they were bound to have allowed only a pro rata valuation of the land. The rule which has been laid down by this court, is that in cases of eviction the price of the land and interest from the time of the purchase shall be the mea *468 sure of damages. But where the loss is only partial, it is not intended to prohibit the party evicted from shewing that'that part of the land lost is inore valuable than the rest, and claiming a compensation adequate to the loss. Thus if one should purchase 100 acres of land at ¡SiOOQ, 20 of which should be of the most valuable low ground and the other 80 pine land, and the 20 acres should be taken away by one who had a better title, would it be a just measure of compensation to allow §200 for the "20 acres lost ? Could it be imagined that this was the mode of determining the value of the land, resorted to by the contracting parties when they entered into the contract ? This may be considered as an extreme case; yet between this and a case in which each acre should be alike valuable, there is such a diversity'of cases distinguishable by slight shades of difference, that it must always be a matter of consideration for the jury. The jury then had a right to value the land at §2 50 per acre, and have not violated any rule in giving interest on that sum from 1808.
CaO See FeaV vs- Bñgg*, f2 Mott and McCord 184,J Furman vs. Elmore, (~Do. 189,_) And see 2 Wheaton 62, noteC. and 6 2)o. 118, Hopkins vs. Lee. In the case of Macky vs. Collins, (2 Mott and Me Cord 186) the Court Held that the plaintiff might recover for breach of covenant, on a warranty against all lawfully claiming) before eviction, by showing a paramount title in a third person. 1?. /
.Davis,, for the motion.
Simkins, contra.
But the defendant can not complain. If the verdict of the jury had been on the principle he contends for, the amount would have been much greater. Take the value of the land at the time of purchase, and calculate the interest from that time. The price paid was about §3 21, which would make about §642; add to this 18 years interest and the costs of the former suit, and the amount will be much greater than the verdict.
The motion is discharged.
Justices Nott, Gantt, Huger, Richardson and Johnson, concurred.